J-S53035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VICTOR A. APONTE, JR. | |
| Appellant | No. 167 MDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s):CP-06-CR-0005964-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VICTOR A. APONTE, JR. | |
| Appellant | No. 168 MDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s):CP-06-CR-0005965-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VICTOR A. APONTE, JR. | |
| Appellant | No. 169 MDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s):CP-06-CR-0005966-2014

J-S53035-16

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF
PENNSYLVANIA

v.

VICTOR A. APONTE, JR.

Appellant | No. 170 MDA 2016

Appeal from the Judgment of Sentence December 22, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s):CP-06-CR-0005968-2014

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF
PENNSYLVANIA

v.

VICTOR A. APONTE, JR.

Appellant | No. 171  MDA 2016

Appeal from the Judgment of Sentence December 22, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s):CP-06-CR-0005971-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED SEPTEMBER 09, 2016**

Appellant, Victor A. Aponte, Jr., appeals from the judgment of sentence entered in the Berks County Court of Common Pleas after he pleaded guilty to four counts of delivering a controlled substance and one count of theft graded as a felony of the third degree.[1] Appellant's counsel has filed a petition to withdraw from representation and an

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3903(a.1), 3921(a); 35 P.S. § 780-113(a)(30).

- 2 -

***Anders***/***Santiago***[2] brief. We deny the petition to withdraw and remand this case with instructions.

The Commonwealth recited the factual bases of Appellant's pleas at the December 22, 2015 guilty plea hearing, and the following exchanges with Appellant occurred:

> [Commonwealth:] By pleading guilty, regarding Information 5965 of 2014, do you admit on or about various dates and times between June 23rd, 2014 and June 30th, 2014 you were at the Silk Mill Apartment here in Berks County, Pennsylvania, you stole copper as well as air-conditioning coils from the Northeast Middle School and sold that without license or authorization to do so?
>
> [Appellant:] Yes.
>
> [Commonwealth:] Regarding Information 5964 of 2014, do you admit on or about September 18th, 2014, you delivered .34 grams of heroin, a Schedule I controlled substance, to an undercover police officer in the 800 block of Penn Street, Reading, Berks County, Pennsylvania, without a license or without authorization to do so?
>
> [Appellant:] Yes.
>
> [Commonwealth:] Regarding Information 5966 of 2014, do you admit on or about October 14, 2014 in the 800 block of Penn Street, Reading, Berks County, Pennsylvania, you delivered 0.2 grams of heroin[,] a Schedule I controlled substance, to an undercover police officer without license or authorization to do so?
>
> [Appellant:] Yes.

---

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***see also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[Commonwealth:] Regarding Information 5968 of 2014, do you admit on or about September 2nd, 2014, in the 800 block of Penn Street, Reading, Berks County, Pennsylvania, you delivered .23 grams of heroin, Schedule I controlled substance, to an undercover officer without license or authorization to do so?

[Appellant:] Yes.

[Commonwealth] Regarding Information 5971 of 2014, do you admit on or about October 28th, 2014, you delivered approximately 2.1 grams of heroin[,] a Schedule I controlled substance, to an undercover police officer without license or authorization to do so?

[Appellant:] Yes.

N.T. Guilty Plea & Sentence H'rg, 12/22/15, at 5-7.  The Commonwealth agreed to dismiss related charges in each information, but there was no agreement as to sentencing.

The trial court accepted Appellant's guilty pleas and immediately proceeded to sentencing with the benefit of a presentence investigation report.  The court ordered Appellant to serve four concurrent terms of two to five years' imprisonment for each drug delivery.  The court also sentenced Appellant to consecutive terms of one to two years' imprisonment and five years' probation for the theft.  The aggregate sentence was three to seven years' imprisonment plus five years' probation. Additionally, the court ordered $31,000 in restitution for the theft.

On December 29, 2015, Appellant, through counsel, filed timely post-sentence motions to withdraw his guilty pleas and modify his sentence.[3] The trial court denied the counseled motions on December 30, 2016. Appellant timely appealed the conviction at each docket number, and counsel timely filed Pa.R.A.P. 1925(c)(4)[4] statements. This Court consolidated the appeals.

Appellant's counsel has petitioned to withdraw and submitted an **Anders**/**Santiago** brief identifying two questions, which we have reordered as follows:

> Whether the sentencing court abused its discretion as the aggregate sentence imposed, three (3) to seven (7) years of incarceration followed by five (5) years of probation, was excessive and unreasonable, not in accordance with the applicable statutory requirements and without articulated reasons[?]
>
> Whether the trial court erred by denying the [Appellant's] Motion to Withdraw his Guilty Pleas where his pleas were involuntarily, unknowingly, or unintelligently entered[?]

**Anders**/**Santiago** Brief at 10. Appellant has not filed a response.

"[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw" by counsel.

---

[3] That same day, Appellant mailed to the trial court a *pro se* post-sentence motion indicating his counsel was ineffective and induced him to plead guilty. The trial court filed the *pro se* motion and forwarded it to counsel. *See* Pa.R.Crim.P. 576(A)(5). Appellant was represented by counsel from the Public Defender's Office, which has continued to represent Appellant in this appeal.

[4] **See** Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a Statement.").

*Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted).

> [T]he three requirements that counsel must meet before he or she is permitted to withdraw from representation [are] as follows:
>
> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

*Id.* (citations and footnote omitted).

> Additionally, *Santiago* requires that
>
> > in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> [I]n Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."

*Id.* at 355 n.5 (citations omitted). "Wholly frivolous" means "the appeal lacks any basis in law or fact." *Id.* at 356 (citation omitted).

> It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. ***Anders*** appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.

***Commonwealth v. Kearns***, 896 A.2d 640, 647 (Pa. Super. 2006) (citations and quotation marks omitted).

Appellant's counsel has complied with the procedural requirements for seeking leave to withdraw. Therefore, we proceed to review her assessment that the appeal is frivolous. ***See Santiago***, 978 A.2d at 355 n.5.

Appellant's counsel first discusses Appellant's claim that the trial court's sentence was excessive. Counsel has included a Pa.R.A.P. 2119(f) statement in her ***Anders***/***Santiago*** brief. According to counsel, Appellant "asserts that the trial court's aggregate sentence of three (3) to seven (7) years incarceration, followed by five (5) years of probation was manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code." ***Anders***/***Santiago*** Brief at 15. He would further argue that the trial court failed to consider mitigating circumstances and did not adequately explain its sentence. ***Id.*** at 21. Counsel believes Appellant's arguments could raise a substantial question, but concludes they are frivolous because the individual sentences were within the standard range suggested by the Sentencing Guidelines and the trial court set forth an adequate statement for the reasons for its sentence. ***Id.*** at 15, 22. We conclude this issue is frivolous.

Appellant's counsel has preserved Appellant's intended sentencing challenges by filing a timely post-sentence motion for modification, taking a timely appeal, and including in her brief a Rule 2119(f) statement. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Thus, we proceed to counsel's assertion that Appellant could raise a substantial question.

It is well settled that

> the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

Generally, a challenge to the trial court's discretion to impose consecutive sentences does not pose a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 586-87 (Pa. Super. 2010).

> In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. That is in our view, the key to

resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (some punctuation and citations omitted).

Moreover,

[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.** This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. . . .

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (emphasis added).

When sentencing in the standard range of the Sentencing Guidelines, "a sentencing judge may satisfy [the] requirement of disclosure on the record of his reasons for imposition of a particular sentence without providing a detailed, highly technical statement." *Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted).

Appellant's intended challenges to the aggregate sentence focuses on the trial court's decision to run the theft sentence consecutively to the four concurrent drug offenses.[5] Such a challenge to the consecutive nature of a sentence does not raise a substantial question under the circumstances of this case. *See Mastromarino*, 2 A.3d at 586-87. Moreover, the suggestion that the trial court, which had the benefit of a presentence investigation report, failed to consider mitigating factors or inadequately explained its sentence lacks support in the law or the record.[6] *See Devers*, 546 A.2d at

---

[5] Instantly, the parties agreed that Appellant had a prior record score of five, the drug offenses carried an offense gravity score of six, and the theft carried an offense gravity score of five. N.T. at 8-9. The standard range recommended minimum sentences were from twenty-one to twenty-seven months' imprisonment for the drug offenses and from twelve to eighteen months' for the theft. *Id.* The court's individual sentences of two to five years' imprisonment for the drug offenses and one to two years plus five years' probation thus fell within the standard range. The trial court, when structuring the sentence, had the benefit of presentence investigation report and stated it review the report. *Id.* at 7, 13.

[6] The trial court, when sentencing, stated:

> I have reviewed the P.S.I. I have taken into account the . . . written and oral colloquies. I have taken into account the provisions of the Sentencing Guidelines, the information provided by the parties, as well as the recommendations of the parties.
>
> I have scrutinized [Appellant's] prior record so that I could get a proper context here and also in order to more sensibly consider the provision of the Sentencing Code insofar as the factors required to take into account, one of which the severity of the offenses and [Appellant's] rehabilitative needs, especially in light of the extensive

18; *Hunzer*, 868 A.2d at 514. Accordingly, we conclude Appellant's intended challenges to the excessiveness of the sentence do not raise substantial questions and are frivolous.

Appellant's counsel next discusses Appellant's assertion that the trial court erred in denying his post-sentence motions to withdraw his guilty pleas. Appellant intends to argue that "he did not enter his guilty pleas knowingly, intelligently or voluntarily" and "was pushed into entering open guilty pleas." *Anders*/*Santiago* Brief at 18. Appellant "want[s] to proceed to trial and assert his innocence." *Id.* Counsel observes that Appellant "may argue that the guilty plea colloquy . . . failed to ascertain whether he understood the nature of the charges to which he was pleading guilty." *Id.* Counsel notes the on-the-record guilty plea colloquy did not include a recitation of the elements of the charges. *Id.* However, counsel concludes that this issue is frivolous because the totality of the circumstances suggested Appellant was aware of the nature of the charges. *Id.* We disagree with counsel's assessment.

It is well-settled that:

> [p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if

---

substance abuse history that has been outlined and detailed.

N.T. at 13.

the court were to deny his post-sentence motion to withdraw a guilty plea. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily."

*Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010) (citations omitted).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590 & cmt.

Section 3921(a) of the Crimes Code defines theft as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). The maximum sentence for theft is determined, in part, by the value of the property taken. *See id.* § 3903(a.1), (b). "If the amount involved exceeds $2,000," a theft is graded as a third-degree felony, punishable by a maximum of seven years imprisonment. *Id.* §§ 1103(3), 3903(a.1). If the amount involved is $2,000 or less, but greater than $200,

the theft is graded as a first-degree misdemeanor, punishable by a maximum of five years imprisonment. *Id.* §§ 1104(1), 3903(b).

Instantly, the record establishes that Appellant was apprised of the factual bases for his guilty pleas, his right to trial by jury, the presumption of innocence, and the maximum possible sentences. N.T. at 3-7. Additionally, Appellant was aware that the court was not bound by the parties' agreement on the charges and he could withdraw his pleas if the court did "not sentence him in accordance with the charge agreement." *See id.* at 4. As counsel notes, Appellant also signed written guilty plea colloquies indicating he understood the nature of the charges to which he was pleading guilty, including the felony-three theft.

However, the written colloquy and the totality of the circumstances discussed by Appellant's counsel do not establish that Appellant admitted or was advised that the items stolen were valued over $2,000. In his written colloquy, Appellant acknowledged that he "unlawfully took or exercised control over moveable property of another, having a value of **$2,000 more or less**, with the intent to deprive the owner thereof." Statement Accompanying Defendant's Request to Enter a Guilty Plea, CP-06-CR-0005965-2014, at 3 (emphasis added). Although restitution was subsequently set at $31,000 at sentencing, the record surrounding the guilty plea evinces no clear statement of the value of the stolen items. *See* N.T. at 5-6.

Thus, we find that Appellant's counsel failed to address the issue regarding the value of the items Appellant admitted he "stole." In so doing, counsel overlooked possible challenges to the knowing nature of Appellant's plea to theft and the legality of the sentence imposed for that offense. **Cf. Kearns**, 896 A.2d at 645-46. Therefore, we must deny counsel's motion to withdraw and remand this case for further proceedings. **See Santiago**, 978 A.2d at 355 n.5, 361. Counsel shall have thirty days to consider these issues and either file an amended **Anders**/**Santiago** brief,[7] or petition this Court for remand under Pa.R.A.P. 1925(c)(4) if counsel determines there any nonfrivolous issues for appeal.

Petition to withdraw denied. Case remanded. Counsel shall file an amended **Anders**/**Santiago** brief or a petition for remand under Pa.R.A.P. 1925(c)(4) within thirty days of this memorandum. Panel jurisdiction retained.

---

[7] If counsel elects to file an amended **Anders**/**Santiago** brief, she shall file a new petition to withdraw pursuant to **Anders**/**Santiago**, which ensures, *inter alia*, that Appellant is apprised of his right to proceed *pro se* or with private counsel and counsel has provided Appellant a copy of her brief.